**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STACY STRANGE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OFFICER AVERY FREEMAN, et al. | : | No. 11-7911 |
| Defendants. | : | |

**MEMORANDUM**

Schiller, J.                                                                                                    March 6, 2012

Stacy Strange claims that when she tried to retrieve two of her family members from a donnybrook brewing outside of her home, she was repeatedly assaulted by police officers. Strange was transported to the Chester Police Station, where she was booked and detained on charges that were later dismissed. As of result of this incident, she filed a Complaint that alleges her civil rights were violated by Defendant police officers and the City of Chester. Defendants have moved to dismiss the Complaint. For the reasons that follow, the motion is granted in part and denied in part.


I.      BACKGROUND

At one o'clock in the morning on August 31, 2009, Strange was awoken by her daughter and niece, who told her that a fight was about to take place in the driveway behind her home. (Compl. ¶ 11.) When Strange left her home to get her daughter and niece, Chester Police Officers Avery Freeman, William Swanson and Luis Rodriguez tackled her, pushed her head into the ground, handcuffed her, and tasered her while she was lying handcuffed on the ground. (*Id*. ¶ 12.) Officer Swanson also exclaimed, "All you niggers act like a bunch of animals." (*Id.*)

As Officer Swanson placed Strange into his police vehicle, he punched her in the face and

said, "Don't ever disrespect me, you don't know who I am." (*Id*. ¶ 13.) He also kicked her and choked her once she was in the car while he shouted at her, "Bitch, I'll kill you." (*Id*. ¶¶ 14-15.) While Strange was being transported to the Chester Police Department, she felt sick to her stomach and asked Officer Swanson if he would pull over so that she could vomit. (*Id*. ¶¶ 16-17.) Officer Swanson refused, saying, "You can die on the seat for all I care" and "you make sure you swallow your vomit." (*Id*. ¶ 18.) He also refused to transport her to the hospital and told her that she would never see her baby again if she did not "shut-up." (*Id*. ¶ 19.) Strange was booked on a number of charges, including terroristic threats, assault, recklessly endangering children, resisting arrest, and disorderly conduct. (*Id*. ¶ 20.) She was placed in a holding cell for several hours and later transferred to the Delaware County Prison, where she remained for seven days. (*Id*.) On January 4, 2010, all of the criminal charges against Strange were dropped.

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Id*. at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Simply reciting the elements will not suffice. *Id*. (concluding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a common-sense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id*. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id*.

## III.    DISCUSSION

### A.    Statute of Limitations

Strange filed her Complaint on December 30, 2011. She included seven counts: violation of her Fourth Amendment right to be secure in her person; false arrest and imprisonment under 42 U.S.C. § 1983; "deprivation of federally-protected rights;" a *Monell* claim against the City of

Chester; assault and battery; malicious prosecution; and intentional infliction of emotional distress.

When calculating the statute of limitations for claims brought under 42 U.S.C. § 1983, federal courts look to the state's personal injury law to determine the appropriate statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Pennsylvania's two-year statute of limitations governs Strange's federal and state claims. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.") (citing 42 Pa. Cons. Stat. § 5524(2)). The accrual date of a § 1983 cause of action is a question of federal law. *Wallace*, 549 U.S. at 388. Under federal law, the statute of limitations commences when the plaintiff knows or has reason to know of the injury that is the basis of the § 1983 claim. *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998).

Count I of Strange's Complaint alleges that Defendants' actions violated her "constitutionally protected right to be secure in her person as provided by the 4th Amendment of the United States Constitution." (Compl. ¶ 23.) Plaintiff is not explicit about which rights she seeks to vindicate in Count I of her Complaint, though she is clear that Count I is predicated on an alleged violation of her Fourth Amendment rights. The Court thus understands her Complaint to allege excessive force and unreasonable search and seizure.

Claims of unreasonable searches and seizures generally accrue on the day that the search or seizure occurred because the plaintiff is aware of the injury on that day. *See Raffensberger v. Moyer*, Civ. A. No. 09-4758, 2010 WL 1257628, at *3 (E.D. Pa. Mar. 29, 2010). To the extent Plaintiff contends that she was subjected to an unlawful search and/or seizure or excessive force stemming from the incident that occurred on August 31, 2009, these claims fall outside the statute of limitations. *See Large v. Cnty. of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009) (holding that

two-year statute of limitations for excessive force claim accrued on the day of the alleged mistreatment). Thus, Count I will be dismissed as to all Defendants.

Count II alleges that Strange was subjected to a false arrest and false imprisonment under 42 U.S.C. § 1983. Plaintiff, relying on *Wallace*, states that "claims for false arrest, false imprisonment and malicious prosecution do not begin to run until the underlying criminal case is disposed of favorably to the plaintiff." (Mem. of Law Opposing Defs.' Mot. for Dismissal [Pl.'s Mem.] at 9.) With respect to false arrest and false imprisonment, Plaintiff's statement is incorrect. Indeed, the Supreme Court rejected the argument that a § 1983 false arrest claim could not accrue until the state had dropped the charges against the defendant. *Wallace*, 549 U.S. at 397 ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Similarly, the statute of limitations on a false imprisonment claim begins to run when the false imprisonment ends, that is, when the victim is "bound over by a magistrate or arraigned on charges or when he is released." *Wallace v. Green*, Civ. A. No. 08-3239, 2010 WL 1303446, at *4 (E.D. Pa. Mar. 31, 2010) (citing *Wallace*, 549 U.S. at 389). Although the exact date that Strange was detained pursuant to legal process is not alleged in the Complaint, she claims that she was in prison in Delaware County for seven days following her arrest, which would place her claims outside the statute of limitations. (Compl. ¶ 20.)

Strange's malicious prosecution claim, brought under both federal and state law, is not time-barred. Unlike the false arrest and imprisonment claim, "[t]he statute of limitations on a malicious prosecution claim in Pennsylvania does not begin to run until the underlying action is terminated in the original defendant's favor." *Cora v. Hanover Borough Police Dep't*, Civ. A. No. 11-1067, 2011

WL 6176738, at *5 (M.D. Pa. Dec. 12, 2011). According to the Complaint, the charges against Strange were dismissed on January 4, 2010. The Complaint was filed on December 30, 2011, which is less than two years after the date the malicious prosecution claims accrued. Aware that Strange's malicious prosecution claim is not time-barred, Defendants seek to have it dismissed on other grounds. Specifically, they note that it is the prosecutor, not the police, who initiates criminal prosecutions. Thus, a police officer can only be liable for malicious prosecution if he or she provides false information to the prosecutor or prevents the prosecutor from making an informed decision about whether to file charges. (Mem. of Law in Supp. of Defs.' Mot. to Dismiss [Defs.' Mem.] at 11.) As a matter of law, Defendants are correct. *See Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005); *Cruz ex rel. Alvarez v. City of Phila.,* Civ. A. No. 07-493, 2008 WL 4347529, at *11 (E.D. Pa. Sept. 23, 2008). They are also correct that the Complaint fails to include any allegations that could plausibly state a claim against Officers Freeman or Rodriguez for malicious prosecution. Indeed, after the initial encounter with Strange, it does not appear that Officers Freeman or Rodriguez had any additional contact with Plaintiff. The Court will also dismiss this claim against the City of Chester because it is premised on *respondeat superior* liability. *See Leatherman v. Tarrant Cnty.*, 507 U.S. 163, 166 (1993) ( "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

However, the Complaint includes a number of allegations against Officer Swanson that, accepted as true for purposes of this motion, demonstrate an animus toward Strange that calls into question his motivation for arresting Strange and setting in motion her prosecution. For example, Strange claims that Officer Swanson used a racial epithet toward Strange and said to her, "Don't ever disrespect me, you don't know who I am," and threatened to ensure that she would never see her

6

child again. (Compl. ¶¶ 12-13, 19.) These factual allegations of abuse of authority demonstrate conduct that raises the possibility that Officer Swanson's interests strayed far afield from bringing Strange to justice and are sufficient to defeat a motion to dismiss. Granting all reasonable inferences in her favor, Strange's federal and state law malicious prosecution claim against Officer Swanson will remain.

Count V is an assault and battery claim against Officers Freeman, Swanson, and Rodriguez. This claim is based on the individual Defendants' alleged mistreatment of Strange on August 31, 2009. A claim for assault and battery under Pennsylvania law must be brought within two years. 42 Pa. Cons. Stat. Ann. § 5524(1). Strange's assault and battery claim was not brought within two years and will therefore be dismissed.

Count VII is an intentional infliction of emotional distress claim. Under Pennsylvania law, such claims must also be brought within two years. 42 Pa. Cons. Stat. Ann. § 5524(7). The Court will dismiss this claim against Officers Rodriguez and Freeman as time-barred to the extent it is based on the events of August 31, 2009. The Court will also dismiss this claim against the City of Chester as it is premised on *respondeat superior* liability. *See Leatherman*, 507 U.S. at 166. However, the Court will allow Strange to proceed with her intentional infliction of emotional distress claim against Officer Swanson for his alleged malicious prosecution of Strange.

**B.**     ***Monell***

Count III is brought against Officers Freeman, Swanson, and Rodriguez and the City of Chester and is entitled "Deprivation of Federally-Protected Rights Under the 4th Amendment." It is purportedly brought against the officers in their official capacity and against the City of Chester because it was on notice that the individual Defendants violated the rights of citizens, including

Plaintiff. (Compl. ¶¶ 28-32.) Count IV is a claim for negligent failure to train and supervise against the City of Chester.

To the extent Count III claims municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and is based upon the actions of the individual Defendant police officers that occurred outside the statute of limitations, it is also time-barred. *See Gay v. City of Phila.*, Civ. A. No. 03-5358, 2005 WL 1844407, at *7 (E.D. Pa. Aug. 2, 2005) (*Monell* claims are subject to a two-year statute of limitations). To the extent that Counts III and IV against the City of Chester are premised on its notice of the propensity of Officers Freeman, Swanson, and Rodriguez to violate the constitutional rights of others, as well as the City of Chester's failure to train officers in light of this propensity, this claim may proceed because Plaintiff has alleged a policy and practice of the City of Chester that violated Plaintiff's constitutional rights. Because the City of Chester will remain in this case, Count III will be dismissed against Officers Swanson, Rodriguez, and Freeman in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (noting that official capacity claims are duplicative of claims against the entity of which the defendant officer is an agent); *Irene B. v. Philadelphia Acad. Charter Sch.*, No. 02-1716, 2003 WL 24052009, at *9 (E.D. Pa. Jan. 29, 2003) ("Since official-capacity suits generally represent only another way of pleading an action against an entity of which the officer is an agent, it is appropriate to dismiss the claims against the individual in his official capacity and retain them against the real party in interest.").

## IV.   CONCLUSION

For the reasons stated above, Strange may proceed against Officer Swanson and the City of Chester on certain claims. The case against Officers Freeman and Rodriguez is dismissed in its

8

entirety. An Order consistent with the Memorandum will be docketed separately.